IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 24-MJ-1877 |
| LLOYD PETTUS | : | |

### GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

The United States of America, by and through Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, and Shayna Gannone, Assistant United States Attorney, hereby moves this Honorable Court to detain the defendant prior to trial.

Each of the factors that determine whether conditions of release will reasonably assure the appearance of the defendant and ensure the safety of the community weigh in favor of detention. The defendant, Lloyd Pettus, was arrested for attempting to transport approximately six and a half kilograms of methamphetamine, over five kilograms of cocaine, and three kilograms of PCP. In addition, when law enforcement executed a search warrant on his home, they discovered a kilogram press, more narcotics, packaging, paraphernalia, and an arsenal of weapons – eight firearms, including rifles and handguns, ammunition, and magazines. When law enforcement attempted to arrest him, he fled. For these crimes, the defendant is facing a total mandatory minimum sentence of fifteen years, as well as a statutory presumption that he be detained pending trial.

In addition, the defendant has shown that he is a danger to the community and that he has a disregard for the law. The narcotics, drug paraphernalia, and firearms he possessed in this case demonstrate his persistence in continuing to engage in the drug trade. Furthermore, the lengthy

prison sentence the defendant is facing would incentivize him not to return to court if released.

The defendant is unable to rebut the statutory presumption and accordingly, he should be detained. There is no condition or combination of conditions that will reasonably assure the defendant's appearance as required and/or the safety of the community, and the Government moves pursuant to 18 U.S.C. §3142(e) and (f) for a detention hearing and pretrial detention of the defendant.

I.     **Probable Cause And The Evidence In This Case**

On October 15, 2024, members of the Eastern Interdiction Unit (EIU) conducted a sort at a mail facility in Philadelphia, Pennsylvania, targeting packages that could contain controlled substances. During the operation, investigators located three parcels originating from Box n' Ship in San Diego, California, addressed to a "Michael Davis" at 7916 Rugby Street in Philadelphia. A police canine trained to detect controlled substances alerted to the packages, so investigators obtained a Pennsylvania state search warrant for them. Upon executing the search warrant for the packages, agents discovered: approximately 6.7 kilograms of methamphetamine, over 5 kilograms of cocaine, and 3 kilograms of PCP.

Investigators replaced the controlled substances in the packages with samples, and inserted GPS tracking devices for the purpose of a controlled delivery. HSI Agents and EIU investigators then conducted the controlled delivery operation where the 3 packages were placed on the front porch area of 7916 Rugby Street in Philadelphia. Shortly thereafter, a woman entered the home through the rear, retrieved the packages from the front porch, and placed them in her truck. She drove the packages to this defendant's house at 3230 North Dover Street in Philadelphia and placed them inside.

Investigators received a motion alert from a GPS tracker and observed the parcel moving from the front of the defendant's residence towards the rear, and then observed the defendant and co-defendant Hakim Ledbetter placing the packages in the rear of a blue Dodge Ram truck. Co-defendant Ledbetter entered the truck and attempted to negotiate a turn in the alley behind the defendant's house, while the defendant helped him by giving him hand signals.

At this time, agents moved in to arrest the defendant and co-defendant Ledbetter, but both men attempted to flee. The defendant took off on foot, running for a couple of blocks before eventually being apprehended by law enforcement. The co-defendant attempted to flee in his vehicle but struck a nearby car, as well as a utility pole. A PSP trooper drove into the passenger side of the co-defendant's truck to get him to stop, but the co-defendant jumped out of the car and took off running on foot. After a brief foot pursuit, co-defendant Ledbetter was also arrested by law enforcement.

Investigators applied for and were granted search and seizure warrants for the defendant's residence, and the truck co-defendant Ledbetter was driving. During the execution of the search warrant of the defendant's house, investigators seized documents, eight firearms, controlled substances and paraphernalia.

Specifically, the firearms and ammunition were: a Ruger .45 caliber 1911 handgun, an H & K SP 89 9mm handgun, an American Tactical AR-15 style pistol, a Beretta .25 caliber handgun, an AK-47 Arsenal 7.62x39 caliber rifle, an MPA defender handgun, an AK-47 7.62x39 caliber rifle, a LWRC AR-15 5.56 rifle, 2 high capacity drum magazines, numerous rounds of ammunition for the rifles and various handguns, and an extended magazine. See below:





The narcotics and paraphernalia recovered from the defendant's house included: a kilogram press, packaging materials, a vacuum sealer, cocaine and methamphetamine. In

addition, investigators recovered the defendant's passport, utility bills and mail addressed in his name.



Investigators also executed a search warrant on the truck where the defendant and co-defendant Ledbetter were placing the packages. The packages were recovered from the bed of the truck, and investigators also recovered a box from behind the front seat that contained three firearms (a Taurus PT24/7 G2C .40 caliber handgun; a Smith and Wesson M&P Shield .380 handgun; and a Ruger 5.7x28 handgun), a gun suppressor, and more ammunition.

**II.    Criminal History**

The defendant is prohibited from possessing a firearm due to a 2008 conviction for possession with intent to distribute a controlled substance. The defendant was also convicted in 2008 of simple assault and carrying a firearm without a license.

**III.   Maximum Penalties**

The maximum sentence that the defendant faces on the current charge is life imprisonment. For the amount of narcotics the defendant was attempting to transport, he is facing a mandatory minimum sentence of ten years. Moreover, the possession of a firearm in

furtherance of drug trafficking carries a consecutive five-year mandatory minimum sentence. In this case, the defendant is facing far more time in federal prison than he has ever served before and has a strong incentive to flee. In fact, the defendant has already shown that he will flee – he ran from law enforcement to avoid apprehension in this case.

### IV. **Rebuttable Presumption**

As the present offense carries a maximum term of imprisonment of ten years or more and is a violation of the Controlled Substances Act, there is a rebuttable presumption that no condition of release, or combination of conditions, will reasonably assure the appearance of the defendant as required and the safety of other persons and the community. *See* 18 U.S.C. §§ 3142(e)(3)(A). That presumption cannot be rebutted. The arsenal of weapons, including rifles and high-capacity magazines, that the defendant possessed in his home, along with various narcotics and drug packaging paraphernalia shows that he is a danger to his community.

**CONCLUSION**

When all these factors are considered, it is clear that no condition or combination of conditions will reasonably assure the presence of the defendant as required and/or the safety of the community and that anything short of pretrial detention would serve only to alert the court, after the fact, that the defendant has fled or otherwise resumed his criminal activity.

WHEREFORE, the government respectfully submits that its Motion for Defendant's Pretrial Detention should be granted.

    Respectfully submitted,

    JACQUELINE C. ROMERO
    United States Attorney

    /s/ Shayna Gannone
    SHAYNA GANNONE
    Assistant United States Attorney

Date: November 21, 2024

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NO. 24-MJ-1877 |
| **LLOYD PETTUS** | : | |

**PRETRIAL DETENTION ORDER**

AND NOW, this ___ day of November, 2024, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

(a) The government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

(b) The government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

i) There is probable cause to believe that the defendant has violated 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), 18 U.S.C. § 924(c), and 18 U.S.C. § 922(g).

ii) The evidence in this case is strong. Along with his codefendant, the defendant was attempting to transport approximately 6.7 kilograms of methamphetamine, over 5

kilograms of cocaine, and 3 kilograms of PCP; possessed narcotics and paraphernalia and packaging inside of his home; and also possessed eight firearms in his home.

    iii)  The total maximum statutory penalty defendant faces is life imprisonment with a total mandatory minimum of 15 years' imprisonment.

    iv)  The strength and nature of the case against the defendant, combined with the strong likelihood that the defendant will be incarcerated for a significant period of time, establish the high risk that the defendant will not appear as required by the Court.

    v)  As there is probable cause to believe that the defendant committed an offense punishable by 10 or more years in jail under the Controlled Substances Act, the Court must presume--subject to rebuttal by the defendant--that no condition of release, or combination of conditions, will reasonably assure the safety of any person and the community or reasonably assure the appearance of the defendant as required.   The defendant has failed to rebut this presumption.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
HONORABLE ELIZABETH T. HEY
United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

I certify that a copy of the Government's Motion for Pretrial Detention and Proposed Order was served by electronic mail, on the following defense counsel:

>William Davis, Esq.
>McMonagle Perri McHugh Mischak Davis
>Wdavis@mpmpc.com

>*/s/ Shayna Gannone*
>SHAYNA GANNONE
>Assistant United States Attorney

Date:   November 21, 2024

4